IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

April 4, 2007

Charles R. Fulbruge III
Clerk

—————————

No. 06-10439
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDY RAMIREZ,

Defendant-Appellant.

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-41-2

—————————

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Freddy Ramirez appeals the 36-month sentence that was imposed following the district court's revocation of his term of supervised release. Ramirez argues that his sentence is unreasonable because it exceeded the advisory guideline range and because the district court failed to provide sufficient reasons for the sentence. He requests this court to vacate his sentence and remand the case for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has moved for dismissal of the appeal or for summary affirmance on the ground that this court lacks jurisdiction to consider Ramirez's appeal under 18 U.S.C. § 3742(a)(4). The Government contends that Ramirez has challenged his sentence as "unreasonable" rather than "plainly unreasonable," citing 18 U.S.C. § 3742 (a)(4). The Government's motion for dismissal of the appeal or for summary affirmance is denied. The Government's alternative request for an extension of time to file an appeal brief is denied as unnecessary.

We have yet to decide whether revocation sentences imposed following the release of United States v. Booker, 543 U.S. 220 (2005), should be reviewed under the reasonableness standard or the plainly unreasonable standard. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006). Nevertheless, resolution of this issue is not needed to dispose of this appeal because Ramirez has not shown that he should prevail under either standard. See id. Ramirez's sentence exceeded the advisory guidelines sentence for his underlying offense but not the pertinent statutory maximum sentence. Further, a review of the record demonstrates that the district court considered and applied the relevant sentencing factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Consequently, the sentence was neither unreasonable nor plainly unreasonable.

AFFIRMED; MOTION FOR DISMISSAL OR SUMMARY AFFIRMANCE DENIED; ALTERNATIVE REQUEST FOR EXTENSION OF TIME DENIED AS UNNECESSARY.